```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Carols Lopez
    Petitioner

    v.                                    Civil No. 06-cv-004-SM
                                            Opinion No. 2006 DNH 026
United States of America,
    Government


## O R D E R

Petitioner, Carlos Lopez, seeks relief under 28 U.S.C. § 2255. Although represented by counsel, petitioner filed a pro se supplemental memorandum, which the court allowed and has considered.

Petitioner was convicted by a jury on eight counts, including conspiracy to distribute crack cocaine, distribution of crack cocaine, possession of a firearm during and in connection with a drug crime, possession of a firearm with an obliterated serial number, and being a felon in possession of a firearm. He was sentenced to terms of 240 months, 120 months, and 60 months of imprisonment, to be served concurrently, and a term of 60 months to be served consecutively, for a total of 300 months.

Petitioner raises three basic claims, none of which are meritorious. First, he challenges this court's ruling denying his pretrial suppression motion.[1] The court determined, after hearing, that the police search of his vehicle, which resulted in discovery of drugs and a firearm, was based upon probable cause and was lawful. Petitioner appealed that decision, and the court of appeals affirmed, after reconsidering the probable cause issue de novo. Petitioner cannot now challenge the legality of the vehicle search under 28 U.S.C. § 2255, because that issue was resolved on direct appeal. Dirring v. United States, 370 F.2d 862, 864 (1st Cir. 1967) ("Issues resolved by a prior appeal will not be reviewed again by way of a § 2255 motion.") See also Murchu v. United States, 926 F.2d 50, 55 (1st Cir. 1991).

Next petitioner argues that his trial counsel provided ineffective assistance with respect to the suppression issue. See Strickland v. Washington, 466 U.S. 668 (1984). It is difficult to identify, from counsel's brief or petitioner's pro

---

[1] Although the issue has yet to be resolved in this circuit, it may well be that petitioner cannot challenge his conviction, under § 2255, based solely on an alleged Fourth Amendment violation. See Stone v. Powell, 428 U.S. 465 (1976); Arroyo v. United States, 195 F.3d 54, 54-55 (1st Cir. 1999). But here the outcome is the same even assuming he can raise the Fourth Amendment suppression issue.

2

se brief, just what claim is being advanced.  It seems to be that trial counsel should have better developed an argument and supporting record demonstrating that petitioner did not waive his reasonable expectation of privacy in the vehicle he was driving, or the secret compartment holding the drugs and firearm that was discovered during the search.  But the vehicle was searched based upon the existence of probable cause to search, and, because the place searched was a mobile vehicle, the warrantless search was lawful.  See United States v. Ross, 456 U.S. 798, 808 (1982).

Trial counsel was an experienced, capable criminal defense attorney, who provided as effective representation as possible given the evidence presented by the government justifying the search on probable cause grounds.  Little would be accomplished by once again rehearsing the facts and probable cause analysis underlying the court of appeals' decision upholding the search.  Suffice it to say that counsel's representation did not fall below an objective standard of reasonableness; did not deprive petitioner of a fair trial; and petitioner was not prejudiced – nothing in this record or advanced by petitioner even remotely suggests that a different result might have obtained had trial counsel approached the suppression hearing differently.

Finally, petitioner suggests that his sentence should be revisited under United States v. Booker, 543 U.S. 220 (2005), since he was sentenced under the then-mandatory guidelines sentencing scheme, which has since been held unconstitutional. He also asserts that a jury should have determined sentence-enhancing facts (like the type and quantity of the drugs he distributed and conspired to distribute). These claims are also without merit. First, Booker has not been held to have retroactive effect and, absent such a decision by the Supreme Court, § 2255 is unavailable to advance Booker claims. Cirilo-Munez v. United States, 404 F.3d 527 (1st Cir.2005).

But, even if Booker did apply to petitioner, he would not obtain sentence relief for at least two reasons. One, the jury did determine the sentence-enhancing fact beyond a reasonable doubt; it returned a special verdict finding, beyond a reasonable doubt, that petitioner distributed in excess of 50 grams of crack cocaine, which finding triggered the sentence enhancement. Two, petitioner's convictions subjected him to imposition of a statutory mandatory minimum sentence of 240 months on the drug counts and 60 consecutive months on the firearms charge. That is what he received - the minimum sentence allowed by law. Neither

Booker nor any other guidelines-related precedent or argument would or could result in a lesser sentence than the one imposed.

## Conclusion

The petition for relief under § 2255 is denied.  While petitioner's sentence is long, and some might say disproportionately severe under the circumstances (given his youth, lack of judgment, abysmal decision-making in rejecting the government's plea offer, thereby exposing himself to harsh mandatory minimum sentences, particularly given the government's overwhelming evidence of guilt, which was fully disclosed to him prior to trial), that is a matter within the control of the Congress.  Congress, for reasons satisfactory to it, has mandated the minimum sentence in this case, and it is now too late for petitioner to try to make better choices with respect to the disposition of the charges brought against him.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

February 28, 2006

cc: Jeffrey S. Levin, Esq.
    Robert O. Berger, Esq.
    Lincoln T. Soldati, Esq.
    Mark E. Howard, Esq.
    U.S. Probation
    U.S. Marshal