UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Carlos Lopez,
    Petitioner

    v.                                Civil No. 06-cv-004-SM
                                          Opinion No. 2007 DNH 018
United States of America,
    Government

**O R D E R**

On February 28, 2006, the court denied petitioner's motion for relief from his conviction and sentence under 28 U.S.C. § 2255. Petitioner sought a certificate of appealability under 28 U.S.C. § 2253(c)(1), which the court denied on March 15, 2006. Subsequently, on August 7, 2006, the Court of Appeals for the First Circuit denied petitioner's request for a certificate of appealability – a necessary prerequisite to an appeal of the order dismissing his § 2255 petition.

Petitioner now seeks relief under Fed. R. Civ. P. 60(b). The question presented by petitioner's motion is whether it is properly viewed as a Rule 60(b) motion or whether it is actually a second or successive petition seeking habeas relief. As the court of appeals for this circuit has noted:

> a motion made under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment previously entered in a section 2255 case "should be treated as a

>  second or successive habeas petition if – and only if – the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." If, however, "the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured, the motion may be adjudicated under the jurisprudence of Rule 60(b)."

Munoz v. United States, 331 F.3d 151, 152-53 (1st Cir. 2003) (quoting Rodwell v. Pepe, 324 F.3d 66, 67 (1st Cir. 2003)).

Here, petitioner's Rule 60(b) motion raises two substantive issues, each of which directly challenges the constitutionality of his underlying conviction. First, he says a trial witness, Jennifer Webber, committed perjury, thus depriving him of a fair trial. Second, he says the prosecution breached its obligation to timely disclose material exculpatory and/or impeachment evidence, which failure deprived him of due process. See Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972). Those alleged errors are not related to the manner in which the judgment denying petitioner's § 2255 motion was procured, nor do they address any procedural irregularities associated with that process. Instead, they speak directly to whether petitioner is entitled to relief from the underlying conviction and sentence, due to errors in the trial process itself. Given that circumstance, petitioner's Rule 60(b) motion is the functional equivalent of, and must be deemed to be, a

"second or successive" petition for habeas relief.  <u>See</u> <u>Munoz</u>, 331 F.3d at 153 ("In his Rule 60(b) motion, the petitioner challenges the constitutionality of his underlying conviction and argues the merits of his foundational sentencing claims . . . The petitioner's Rule 60(b) motion must, therefore, be treated as a second or successive habeas petition.").

It does not appear that petitioner has requested, much less obtained, an order from the court of appeals authorizing this court to consider the second petition.  <u>See</u> 28 U.S.C. § 2244(b)(3)(A); <u>Raineri v. United States</u>, 233 F.3d 96, 99 (1st Cir. 2000).  Accordingly, this court must dismiss the petition for want of jurisdiction (i.e., deny the motion) or transfer it to the court of appeals for consideration under 28 U.S.C. § 2255.  <u>See</u> <u>United States v. Barrett</u>, 178 F.3d 34, 41 n.1 (1st Cir. 1999).  Rather than require petitioner to refile in the court of appeals, as he surely would, given the magnitude of the sentence imposed, the court will transfer the motion to the United States Court of Appeals for the First Circuit for consideration of petitioner's implicit request for an order authorizing this court to consider the motion as a second or successive petition for § 2255 relief.

## Conclusion

The motion for relief pursuant to Fed. R. Civ. P. 60(b) (document no. 20-1) is hereby transferred to the United States Court of Appeals for the First Circuit for consideration of petitioner's implicit request for an order authorizing this court to consider it as a second or successive § 2255 petition.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

February 8, 2007

cc:   Carlos Lopez
      Jeffrey S. Levin, Esq.
      Robert O. Berger, Esq.
      United States Attorney